UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>Plaintiff,<br><br>v.<br><br>MARIA CHAVES, et al.,<br><br>Defendants. | Case No. 2:25-cv-00579-EJY<br><br>**ORDER** |

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") (ECF No. 2) and his First Amended Complaint (ECF No. 4), both of which arrived in the District of Nevada by way of a transfer from the Eastern District of California. ECF No. 6. The Court reviewed the documents and finds as follows.

**I.    Screening Standard**

Complaints by plaintiffs proceeding *in forma pauperis* are screened under the standard specified by 28 U.S.C. § 1915(e)(2). Under this standard, the reviewing Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, even a plaintiff proceeding pro se must plead more than mere labels and conclusions. While the standard under Federal Rule of Civil Procedure ("FRCP") 8(a) does not require detailed factual allegations, a plaintiff's pleadings must include more than a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finally, all or part of a complaint may be dismissed sua sponte if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations

1  (e.g., fantastic or delusional scenarios).  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989);
2  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

3  **II.   Discussion**

4  Though this case arrived before the Court via transfer from the Eastern District of California,
5  the Court takes notice of the fact that Plaintiff previously filed a substantially identical complaint in
6  this District that was dismissed for failure to establish subject matter jurisdiction.  *See* ECF No. 29
7  in Case No. 2:24-cv-00511-CDS-DJA ("*Cleveland I*").  In dismissing Plaintiff's complaint in
8  *Cleveland I*, the Court noted that "[a]lthough Cleveland cites to various state and federal statutes, he
9  does not articulate how they give rise to viable claims against the defendants, much less how this
10 court has jurisdiction over any alleged claim under the statutes." *Id.* at 2.

11 Comparing Plaintiff's First Amended Complaint in the case at bar to his complaint in
12 *Cleveland I*, which was dismissed, the Court finds that the First Amended Complaint provides even
13 less information than was stated in the *Cleveland I*.  Both operative complaints mention "badges and
14 incidents of slavery," as well as referencing various constitutional provisions and an international
15 treaty.  *Compare* ECF No. 4 *with* ECF No. 13 in *Cleveland I*.  However, while the complaint in
16 *Cleveland I* cited multiple provisions of the Inflation Reduction Act as well as the Fair Housing Act,
17 Civil Rights Act, and Fair Debt Collection Practices Act, the First Amended Complaint here removes
18 all citations to federal statutes save for a single mention of the Corporate Transparency Act.  *Id*.
19 Plaintiff names one additional Defendant in the instant case, Maria Chaves, but he fails to direct any
20 allegations towards her.  *See generally*, ECF No. 4.  Finally, though Plaintiff alleges a specific injury
21 in the form of "the seizure and sale on July 03, 2018 of Plaintiff's motor vehicle," he fails to connect
22 this allegation to any named Defendant or a cognizable cause of action. *Id.* at 4.

23 "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss
24 it for failure to state a claim...." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988)
25 (internal citation omitted).  Further, "a pleading may not simply allege a wrong has been committed
26 and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL
27 6749765, at *4 (E.D. Cal. Dec. 22, 2011). In sum, "[w]hile the Court must construe pro se pleading
28 liberally, at some point the Court must insist on compliance with Rule 8, which is designed to

provide Defendants with fair notice of the specific [sic] of Plaintiff's claims such that they can fairly mount a defense" *Gifford v. Hornbrook Fire Protection District*, Case No. 2:16-cv-0596-DJC-DMC, 2025 WL 931983, at *7 (E.D. Cal. Mar. 27, 2025).

Based on the foregoing and the fact that Plaintiff has been given multiple attempts to address these infirmities, the Court finds it proper to exercise its authority and dismiss this matter in its entirety with prejudice.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 2) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's First Amended Complaint (ECF No. 4) is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is to enter judgement in favor of Defendants and close this case. No further filings are to be accepted.

Dated this 25th day April, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE